**Senator Jesse HELMS as Chairman of Agriculture Committee, Petitioners,**

v.

**MASTER AND/OR CAPTAIN OF SS MARSHAL KONEV; Myroslaw Wasylowycz Medvid; United States of America; and Edwin Meese, Respondents.**

**Civ. A. No. 85–5162.**

United States District Court,
E.D. Louisiana.

Nov. 9, 1985.

William P. Quigley, New Orleans, La., for petitioners.

William F. Baity, Asst. U.S. Atty., New Orleans, La., for respondents.

## ORDER AND REASONS

FELDMAN, District Judge.

The Court is confronted with the third chapter in the drama surrounding seaman Myroslaw Medvid aboard the SS Marshal Konev, a Soviet merchant vessel presently in the territorial waters of the United States. Before the Court is a Petition for a "Nay Exit" Order seeking to have the Court issue a "nay exit" order to the SS Marshal Konev, its Captain or Master, and Mr. Medvid; further, the Petition requests this Court to order the United States to take all necessary steps to enforce the "nay exit" order, essentially, to stop the ship. Because of time constraints, the Court met in Chambers with counsel, but did not hold a hearing.

This suit is a civil action brought by Senator Jesse Helms as the Chairman of the Agriculture Committee of the United States Senate, in effect, to prevent a threatened refusal or failure to comply with a subpoena issued by the Agriculture Committee on November 5, 1985 and served on seaman Medvid and the proper ship personnel on November 9, 1985.

No showing is made that the suit has been served on the defendants, or that the law even authorizes something called a "Nay Exit" Order. Further, counsel has been unable to represent to the Court that the suit has been properly authorized. See *In re: Beef Industry Anti-Trust Litigation*, 589 F.2d 786, 789 (5 Cir.1979). This Court passes those questions, however, to deal with a more serious and fundamental

question which confronts the plaintiff at the very outset. This Court does not have jurisdiction over the Petition, and is absolutely powerless to act with regard to it. The law is clear that this case must be filed in the United States District Court for the District of Columbia, which is the only Court which has original jurisdiction over such actions. 28 U.S.C. § 1364. Section 1364 provides in pertinent part:

"(a) The United States District Court for the District of Columbia shall have original jurisdiction ... over *any* civil action brought by the Senate or any authorized committee or subcommittee of the Senate to enforce, ... or to prevent a threatened refusal or failure to comply with any subpena or order issued by the Senate or committee or subcommittee ... to any natural person ... to secure testimony...." (emphasis added)

While § 1364(b) provides that process in any such action may be served in any judicial district, the statute clearly contemplates that only the United States District Court for the District of Columbia shall have original jurisdiction of such actions. That can be the only reason for singling out that court in a special statute. This Petition, on its face, falls squarely within the jurisdictional provisions of § 1364. It is the very kind of action which § 1364 reaches and, clearly, this Court has no jurisdiction. The cases cited by plaintiff, urging this Court to accept jurisdiction, are wholly inapplicable. See *Application of U.S. Senate Permanent Subcommittee on Investigations*, 655 F.2d 1232 (D.C.Cir. 1981); *cert. den.*, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981); *U.S. v. Fort*, 443 F.2d 670 (D.C.Cir.1970), *cert. den.* 403 U.S. 932, 91 S.Ct. 2255, 29 L.Ed.2d 710 (1971).

Accordingly, for the reasons herein stated,

IT IS ORDERED:

The Petition for "Nay Exit" Order is DISMISSED. Judgment will be entered accordingly.